IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEITH ANDRE TAYLOR, ) | |
| ) | |
| Petitioner, ) | No. 3:14-cv-01796 |
| ) | |
| v. ) | Judge Nixon |
| ) | |
| TENNESSEE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

The court has before it a *pro se, in forma pauperis* petition for a writ of *habeas corpus* (Doc. No. 1) filed by Keith Andre Taylor (#445485), an inmate at the Metro-Davidson County Detention Facility in Nashville, Tennessee.

## I.    Introduction

According to the petitioner, on or near January 9, 2014, he entered a plea of guilty to a Schedule II drug charge in Davidson County Criminal Court, Division VI, in Nashville, Tennessee. The petitioner was sentenced to serve six years of imprisonment at 60% for his crime. (Doc. No. 1 at 1.)

The petitioner states that he did not seek a direct appeal of his conviction or sentence. He also did not seek state post-conviction relief. The petitioner's federal *habeas corpus* petition was filed on August 29, 2014.[1] (Doc. No. 1.)

---

[1] Under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270 (1988), and the Sixth Circuit's subsequent extension of that rule in *Richard v. Ray*, 290 F.3d 810, 812 (6th Cir. 2002) and *Scott v. Evans*, 116 Fed. App'x 699, 701 (6th Cir. 2004), a prisoner's legal mail is considered "filed" when he deposits his mail in the prison mail system to be forwarded to the Clerk of Court. Pursuant to this authority, the court finds that Taylor filed his petition on August 29, 2014, the date he signed his petition (Doc. No. 1 at 5), even though the Clerk of Court received Taylor's petition and docketed the petition on September 3, 2014.

1

## II. Standard for Preliminary Review of Section 2254 Cases

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to examine § 2254 petitions to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If, on the face of the petition, it appears that the petitioner is not entitled to *habeas corpus* relief, then the "the judge must dismiss the petition . . . ." *Id.*

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (codified, *inter alia*, at 28 U.S.C. §§ 2244, *et seq.*), prisoners have one year within which to file a petition for *habeas corpus* relief which runs from the latest of four (4) circumstances, one of which is "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. §2244(d)(1)(A).

The AEDPA's one-year limitations period is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2); *see Ege v. Yukins*, 485 F.3d 364, 371 (6th Cir. 2007). However, any lapse of time before a state application is properly filed is counted against the one-year limitations period. *See Bennett v. Artuz*, 199 F.3d 116, 122 (2nd Cir. 1999), *aff'd*, 531 U.S. 4 (2000). When the state collateral proceeding that tolled the one-year limitations period concludes, the limitations period begins to run again at the point where it was tolled rather than beginning anew. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)).

## III. Preliminary Review of Petition

In this case, the Court's preliminary review under Rule 4 of the Rules Governing Section 2254 Cases reveals a potential deficiency with the petitioner's § 2254 petition: failure to exhaust state court remedies.

The law is well established that a petition for federal *habeas corpus* relief will not be considered unless the petitioner has first exhausted all available state court remedies for each claim presented in his petition. *Cohen v. Tate*, 779 F.2d 1181, 1184 (6th Cir. 1985). This exhaustion requirement springs from consideration of comity between the states and the federal government and is designed to give the state an initial opportunity to pass on and correct alleged violations of its prisoners' federal rights. *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971). This means that, as a condition precedent to seeking federal relief, a petitioner's claims must have been fairly presented to the state courts. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Once the federal claims have been raised in the state's highest court, the exhaustion requirement is satisfied, even if that court refuses to consider them. *Manning v. Alexander*, 912 F.2d 878, 883 (6th Cir. 1990). The burden of showing compliance with the exhaustion requirement rests with the petitioner. *Darr v. Burford*, 339 U.S. 200, 218-19 (1950) (overruled in part on other grounds by *Fay v. Noia*, 372 U.S. 391 (1963)); *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

Here, the petitioner has not established that he has exhausted his claims in state courts, or that he has taken any steps to reconcile his complaints prior to filing this petition. Given the absence of a claim that state court remedies are futile or unavailable, it appears that the petitioner has failed to exhaust his state court remedies prior to filing this action. Where, as here, a *habeas corpus* petitioner fails to exhaust all state court remedies for each claim in his petition, a district court is obliged to dismiss the petition. *Rose*, 455 U.S. at 522.

Acknowledging that the prisoner is proceeding *pro se*, the Court will grant the petitioner thirty (30) days to show cause why his petition should not be dismissed without prejudice for failure to exhaust his state court remedies.

**IV.  Conclusion**

After conducting a preliminary review of the petitioner's § 2254 petition under Rule 4 of the Rules Governing Section 2254 Cases, it appears that the petition should be dismissed without prejudice for failure to exhaust state court remedies. However, the petitioner will be given thirty (30) days to show cause why his petition should not be dismissed for that reason.

An appropriate order will be entered.

Entered this the \_13\_ day of April, 2015.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

4