UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| KEITH ANDRE TAYLOR #445485, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 3:14-cv-01796 |
|  | ) | Senior Judge Nixon |
| TENNESSEE, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## MEMORANDUM

Pending before the court is a *pro se* petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 (Docket No. 1) filed by Keith Andre Taylor, an inmate at the Metro-Davidson County Detention Facility in Nashville, Tennessee. The petitioner is serving a term of six years of imprisonment at 60% for his conviction for the facilitation of the sale of a Schedule II drug charge in Davidson County Criminal Court, Division VI, in Nashville, Tennessee. (Doc. No. 23-1 at 1.)

I. **Background**

On January 9, 2014, following a guilty plea, the petitioner was convicted of the facilitation of the sale of a Schedule II drug. He was sentenced to an effective term of six years in the Tennessee Department of Corrections. (*Id.* at 6.)

On September 3, 2014, the petitioner filed the instant *pro se* petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his convictions on two grounds: (1) his guilty plea was "unlawfully induced or not made voluntarily"; and (2) he received ineffective assistance of counsel under the Sixth Amendment to the United States Constitution. (Doc. No. 1 at 2-4.)

By order and accompanying memorandum entered on April 13, 2015, the court directed the

1

petitioner to show cause why his petition should not be dismissed without prejudice for failure to exhaust state court remedies. (Doc. Nos. 9-10). The petitioner filed a timely response. (Doc. No. 14).

On May 19, 2015, the court ordered the respondent to respond to the petition, specifically addressing the issue of whether the petition should be dismissed for failure to exhaust state court remedies. (Doc. No. 15.) The respondent then filed a motion to dismiss based on the petitioner's failure to exhaust in state court each of the claims he raises in the instant petition. (Doc. No. 21.) In response to the motion to dismiss, the petitioner asks the court to grant the relief sought in his petition "on grounds that the state didn't respond to an order of the court." (Doc. No. 24 at 1.) The petitioner did not address the issue of exhaustion in his response. (*Id.* at 1-2.)

## II. Exhaustion of Administrative Remedies

An application for a writ of *habeas corpus* will not be granted unless the applicant has exhausted the remedies available in state court. 28 U.S.C. § 2254. The Supreme Court has held that the exhaustion rule must be "rigorously enforced." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). The exhaustion requirement is satisfied only when the highest state court has been "given a full and fair opportunity to rule on the claim." *O'Sullivan v. Boerckel*, 526 U.S. 838, 846-47 (1999). The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

## III. Respondent's Motion to Dismiss for Failure to Exhaust State Remedies

The State of Tennessee seeks dismissal without prejudice of Taylor's instant § 2254 petition on grounds that the petitioner has not fully exhausted his available state remedies. (Doc. No. 21.) As to the two claims that Taylor raises in his federal habeas petition, Taylor concedes that he has failed to apply for review in any state or federal court regarding his challenges to the criminal judgment at issue.

2

(Doc. No. 1 at 1; Doc. No. 14 at 1).

It appears from the record that Taylor has failed to exhaust his available state court remedies by fairly presenting all of claims to the state courts. Under 28 U.S.C. § 2254(c), a petitioner has not "exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right, under the law of the State to raise, by any available procedure, the question presented." Taylor does not argue that the state courts are closed to a challenge of his sentence through direct appeal or a petition for post-conviction relief. Neither has he alleged any unusual or exceptional circumstances warranting review of his *habeas corpus* petition at this time, nor are any such circumstances apparent from the record.

In his most recent submission to the court (Doc. No. 24), Taylor urges the court to grant the relief sought in his petition because he believes that the State failed to respond to the court's May 19, 2015 order (Doc. No. 15) within the thirty-day time limit set forth by the court. However, the State submitted a timely response to court's order; the State filed its motion to dismiss on June 18, 2015. (Doc. No. 21).

Based on the foregoing, Taylor has not met his burden of establishing that he has exhausted all available state court remedies. Accordingly, the State's motion to dismiss Taylor's federal habeas petition (Doc. No. 21) will be granted.

## IV. <u>Certificate of Appealability</u>

A certificate of appealibility (COA) may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and it must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to

deserve encouragement to proceed further." *Cockrell*, 537 U.S. at 336; *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Cockrell*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011). Courts should not, however, issue a COA as a matter of course. *Bradley*, 156 F. App'x at 773.

In this case, reasonable jurists cannot conclude that the court abused its discretion in granting the State's motion to dismiss. Thus, the court will deny a COA.

## V. <u>Conclusion</u>

For the reasons explained herein, the court finds that the respondent's motion to dismiss (Docket No. 21) will be granted for failure to exhaust state court remedies. Therefore, the petition will be denied, and this action will be dismissed <u>without prejudice</u> to refile once the petitioner has exhausted his state court remedies. The dismissal also is without prejudice with regard to the petitioner's ability to refile actions under 28 U.S.C. § 2241.

The court will deny a COA. Any appeal of the court's decision would not be taken in good faith. An appropriate order will be entered.

_____
John T. Nixon
Senior United States District Judge